(C. D. 1633)

H. R. LOCKWOOD ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 15, 1954)

*Lamb & Lerch* (*David A. Golden* and *John G. Lerch* of counsel) for the plaintiffs.
*Warren E. Burger,* Assistant Attorney General (*Joseph E. Weil,* trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: Plaintiffs herein imported from Mexico a quantity of what is described on the invoices as flavoring sirup in barrels, which was entered at the port of Laredo, Tex. The collector of customs assessed duty thereon at the rate of 0.99375 cent per pound under the provision in paragraph 501 of the Tariff Act of 1930 (19 U. S. C. §1001, par. 501), as amended by the Peruvian Trade Agreement

(T. D. 50670), by virtue of the mixed-material clause in paragraph 1559. Said paragraph 501, as amended, is as follows:

| Description of article | Rate of duty |
|---|---|
| Sugars, tank bottoms, sirups of cane juice, melada, concentrated melada, concrete and concentrated molasses, testing by the polariscope not above 75 sugar degrees, and all mixtures containing sugar and water, testing by the polariscope above 50 sugar degrees and not above 75 sugar degrees. | 0.6421875¢ per lb. |
| And for each additional sugar degree shown by the polariscopic test_____ | 0.0140625¢ per lb. additional, and fractions of a degree in proportion. |

Due to the fact that the chemist's reports in evidence (except in the case of protest 195689–K, later referred to) showed a minus polariscopic test, it apparently was the opinion of the collector that the merchandise did not fall directly within the provisions of said paragraph 501, but, by virtue of said paragraph 1559, was properly dutiable under said paragraph 501 as a nonenumerated manufactured article in chief value 100 per centum of manufactured sugar. Duty was, therefore, assessed under said paragraph 501, as a mixture of sugar and water, said rate being based upon the entire weight of the mixture.

Paragraph 1559, *supra*, is set forth for convenience of reference:

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty; and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; and the words "component material of chief value," wherever used in this Act, shall be held to mean that component material which shall exceed in value any other single component material of the article; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article. If two or more rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates.

In addition to the regular customs duty, there was levied a tax of 0.5144 cent per pound of the total sugars found in the mixture, under authority of section 3500 (3) of the Internal Revenue Code (26 U. S. C., 1940 ed.), which, so far as pertinent, is as follows:

§3500. Rate of tax.

In addition to any other tax or duty imposed by law, there shall be imposed, under such regulations as the Commissioner of Customs shall prescribe, with the

approval of the Secretary, a tax upon articles imported or brought into the United States as follows:.

\*  \*  \*  \*  \*  \*  \*

(2) On all manufactured sugar testing by the polariscope less than ninety-two sugar degrees 0.5144 cent per pound of the total sugars therein;

(3) On all articles composed in chief value of manufactured sugar 0.5144 cent per pound of the total sugars therein. (53 Stat. 428.)

Plaintiffs do not contest this assessment, but claim that the regular duty under paragraph 501, *supra*, should have been assessed upon the weight of the sugar content of the mixture, rather than upon the combined weight of the sugar and water. Motion to amend the protests was granted, said amendment claiming that the rate should have been 0.6421875 cent per pound under said paragraph 501, as amended.

At the trial of the cases, which were consolidated, the analyses of the Government chemist and the gauger's reports were received in evidence. Plaintiffs also produced the testimony of the assistant collector at the port of Laredo. It was agreed by counsel that, with the exception of the merchandise involved in protest No. 195689–K, all of the merchandise is properly dutiable under said paragraph 501, by virtue of said paragraph 1559, and was so classified.

With the exception noted, the issue was narrowed down to the question of whether the regular duty should have been assessed upon the entire weight of the mixture or upon the sugar content of said mixture.

The assistant collector testified that as to the merchandise covered by the three entries involved in protest No. 195689–K, the chemist's reports showed a positive polariscopic test in excess of 50 and under 75 sugar degrees, and that he now would liquidate them at 0.6421875 cent per pound on the entire weight, rather than at 0.99375 cent per pound, as they were originally liquidated. In view of this admission, plaintiffs' claim in their amendment to the protests, that the proper rate of duty is 0.6421875 cent per pound under said paragraph 501, as amended, rather than 0.99375 cent per pound, as assessed, is supported by the evidence as to the merchandise covered by protest No. 195689–K.

Taking up, then, the real issue, as set forth in plaintiffs' brief, viz, that in enacting said paragraph 501 Congress intended to levy a rate of duty on the imported sugar and not on the water content, plaintiffs' counsel argues that the proper weights were those shown on the Government chemist's reports in evidence designated as "total sugars." This construction is not borne out by the wording of the paragraph, which assesses duty at a rate per pound upon mixtures therein described, not upon the "total sugars" found therein. Plaintiffs contend that the congressional intent to collect a duty only on sugar in said paragraph 501 is further borne out by the wording of section 3500 (3)

of the Internal Revenue Code, *supra*, which levies a tax "on the total sugars" contained in articles composed in chief value of manufactured sugar. The fallacy of this reasoning is disclosed by a mere statement thereof. Certainly, had the legislative body intended the result for which plaintiffs contend, it would have used words indicative of such intent, as was done in the case of section 3500 (3), *supra*.

Moreover, the argument entirely overlooks the reason for the assessment under paragraph 501, *supra*, which counsel for the plaintiffs agreed was the appropriate paragraph of the statute, by virtue of the terms of paragraph 1559, *supra*. The theory of the assessment is set forth in T. D. 44275, which we quote as follows:

> If the mixture is not a sugar within the meaning of paragraph 501 then it is an article which, within the meaning of paragraph 1559, is one not enumerated which is manufactured of two or more materials. In such a case the paragraph provides that the duty shall be assessed at the highest rate at which it would be chargeable if the article were composed wholly of the component material of chief value. In this case the material of chief value is sugar and it follows that duty would be assessable at the rate provided for sugar in paragraph 501.

Plaintiffs' counsel has admitted that the provisions of paragraph 1559, *supra*, are applicable, i. e., that duty should be assessed at the highest rate at which the article, a mixture of sugar and water, would be chargeable if composed wholly of the component material of chief value, viz, sugar. Under plaintiffs' theory, duty would not be assessable upon the mixture, but only upon the component material of chief value thereof. We find no merit in this contention and hold that duty is properly assessable upon the entire contents of the mixture at the appropriate rate under said paragraph 501, *supra*.

For the foregoing reasons, all of the claims in the protests are overruled, with the exception of the claim that the proper rate of duty is 0.6421875 cent per pound under said paragraph 501, as amended, which claim is sustained as to the entries covered by protest No. 195689–K.

Judgment will be rendered accordingly.